UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JUL 2 9 2014

Ronit D. Appel,

        Plaintiff,

—v—

Schoeman Updike Kaufman Stern & Ascher L.L.P. et al.,

        Defendants.

14-cv-2065

ORDER

ALISON J. NATHAN, District Judge:

    The Court has received a letter via email from the Schoeman Defendants pursuant to Rule 4.A of this Court's Individual Practices in Civil Cases requesting that certain portions of Plaintiff's Amended Complaint be redacted and filed under seal. The Court has also received a letter in response from Plaintiff opposing the redaction request. For the reasons stated in the Schoeman Defendants' letter, the Court hereby orders the redaction and sealing of Paragraphs 169, 283, and 1527 of Plaintiff's Amended Complaint. Both letters will be filed under seal.

    Furthermore, it should go without saying that as a member of the bar of the State of New York, Plaintiff is prohibited by Rules 1.6(a) and 1.9(c)(2) of the New York Rules of Professional Conduct from disclosing confidential information of a client, whether it is a current or former client, unless permitted by the very narrow exceptions to those Rules. *See, e.g., Johnson v. MediSys Health Network*, No. 10-CV-1596, 2011 U.S. Dist. LEXIS 156828, at *79 n.16 ("Since the plaintiff was a member of the bar of New York State at all times relevant to this action, the New York State Rules of Professional Conduct apply to her actions." (citation omitted)). Plaintiff's letter appears to misunderstand the point that confidential information pertaining to a client is significantly broader than the attorney-client privilege. Her letter also incorrectly states that Rule 8.3 required her to disclose client confidences in these circumstances; Rule 8.3(c) specifically states that the Rule does not require disclosure of information otherwise protected by Rule 1.6. Regardless, there is a fine distinction between prohibiting Plaintiff from raising the allegations contained in paragraphs 169, 283, and 1527, and requiring her to redact and file under

seal those paragraphs. This Court is only requiring her to do the latter, and will still consider those paragraphs to the extent they have any bearing on the claims or allegations raised in her Amended Complaint and are not otherwise privileged. Going forward, Plaintiff shall take greater care to avoid disclosing privileged or confidential information, except as permitted by the New York Rules of Professional Conduct, in any future filings with this Court. If she anticipates needing to disclose privileged or confidential information as permitted by the Rules, she should use the discretion and prudence expected of any member of the bar and submit redaction requests to this Court before publicly filing the documents on ECF.

The Clerk of Court is directed to strike Plaintiff's Amended Complaint, Dkt. No. 106. No later than Wednesday, July 30, 2014, Plaintiff shall re-file her Amended Complaint with Paragraphs 169, 283, and 1527 redacted (i.e., blacked out). The redacted and re-filed Amended Complaint will be treated as having been originally filed on June 8, 2014. The Court will file under seal loose-leaf sets of those original pages containing the paragraphs to be redacted.

SO ORDERED.

Dated: July 29, 2014
New York, New York

ALISON J. NATHAN
United States District Judge