UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RONIT D. APPEL,                                        Case No. 1:14-cv-02065-AJN

                Plaintiff,

    v.

SCHOEMAN UPDIKE KAUFMAN STERN &
ASCHER LLP, *et al*.

                Defendants.

---

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO RECOVER ATTORNEYS' FEES AND COSTS
BY DEFENDANTS AVANT-GARDE AND SERGEI GOLOUBENKO**

                NELSON BROWN & CO., LLC
                17 State Street – 29th Floor
                New York, New York  10004
                Phone:  (212) 233-0130
                Facsimile:  (212) 233-0712

    By:    Patrick M. Kennell
            Email:  pkennell@nelsonbrownco.com
        Jeffrey S. Matty
            Email:  jmatty@nelsonbrownco.com

        *Attorneys for Defendants*
        AVANT-GARDE GROUP, INC. and
        SERGEI GOLOUBENKO

Dated:  October 30, 2014

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

STATEMENT OF FACTS ............................................................................................................2

LEGAL ARGUMENTS..................................................................................................................4

       A.      Sanctions Under 28 U.S.C. § 1927 and the Court's Inherent Powers .................... 4

       B.      Rule 11 Sanctions ................................................................................................... 6

CONCLUSION..............................................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*ACLI Government Securities, Inc. v. Rhoades*
  907 F.Supp. 66 (S.D.N.Y. 1995)......................................................................................... 5

*Chambers v. NASCO, Inc.*
  501 U.S. 32, 111 S.Ct. 2123 (1991) ..................................................................................... 4

*Oliveri v. Thompson*
  803 F.2d 1265 (2d Cir.1986), *cert. denie*d, 480 U.S. 918 .......................................................... 5

*Roadway Exp., Inc. v. Piper*
  447 U.S. 752, 100 S.Ct. 2455 (1980)................................................................................... 4

*Sassower v. Field*
  973 F.2d 75 (2d Cir. 1992).................................................................................................. 5


**Statutes**

28 U.S.C. § 1927 ................................................................................................................ 1, 4, 5


**Rules**

Fed.R.Civ.P. 11 ........................................................................................................................ 4

Fed.R.Civ.P. 11(b) ............................................................................................................... 6, 7

Fed.R.Civ.P. 11(b)(1).............................................................................................................. 7

Fed.R.Civ.P. 11(b)(2).............................................................................................................. 8

Fed.R.Civ.P. 11(b)(3).............................................................................................................. 8

Fed.R.Civ.P. 11(c)(2).............................................................................................................. 6

**PRELIMINARY STATEMENT**

Defendant Avant-Garde Group, Inc. ("AGG") is a small, family-owned business run by Sergei Goloubenko. The AGG Defendants were dragged into this employment dispute between Plaintiff and her former law firm employer – all of who the AGG Defendants have never met. The AGG Defendants moved to dismiss, and around the same time, sent Plaintiff a letter demanding that she withdraw her baseless and frivolous claims. Rather than withdraw her claims against these total strangers, Plaintiff has doubled-down by filing an opposition to the dismissal motion (while never responding to our client's withdrawal letter).

As set forth in the AGG Defendants' Motion to Dismiss, there is no plausible claim here. There was no legal duty, no causation and nothing done wrong by this asbestos investigator before the construction of Plaintiff's eventual office space.

Plaintiff explains herself to be a talented and skilled lawyer. Perhaps true. But despite all her acumen and gifts, she appears to treat this litigation like some game or contest and, apparently out of anger or spite or both, seems to have divested herself of the ethical compass by which lawyers, even *pro se* ones, must be guided. Yet this is no game. This is very real, especially for a small, family-owned business like AGG that has to pay for its defense of this complex pleading out of its own pocket, a financially devastating event for a small company like this. The AGG Defendants respectfully suggest, if there ever was a candidate for sanctions imposable within the Court's inherent powers or under 28 U.S.C. § 1927 or Rule 1, the complaint against the AGG Defendants is it. For this reason, the AGG Defendants take this extraordinarily rare step of moving for attorneys' fee sanctions.

## STATEMENT OF FACTS

Plaintiff was an associate at the law firm of Schoeman Updike Kaufman Stern & Ascher, LLP in New York City beginning in 2009. (*See* Amended Complaint, "Am. Cplt.," at ¶ 54). Her firm moved offices to 551 Fifth Avenue in 2012. (*Id*. at ¶ 54). She complained about the air quality in the new office space, and after an exchange with her firm about whether she would be allowed to work from home, she was fired, allegedly for a host of different reasons she now claims were false or fabricated. (*Id*. at ¶¶ 63-64, 69-85, 91-96, 105-114).

Plaintiff first filed suit on February 20, 2013, in New York state court, naming as diverse a range of defendants as: the Schoeman firm, several of its partners and personnel, the firm's outside employment counsel, Plaintiff's one-time co-counsel in another case, Plaintiff's former client in that case, the landlord and managing agent of 551 Fifth Avenue, the building's architect of record, the 12th floor renovation contractor, the air testing company hired in April 2013 to respond to Plaintiff's OSHA complaint, and a number of the individual principals of those companies. (ECF Dkt. No. 2-1). Her original complaint was 475 pages, containing 102 causes of action and seeking billions of dollars in damages. (*Id*.).

The case was removed to this Court in March 2014. (ECF Dkt. No. 2). On June 8, 2014, Plaintiff expanded her claims by filing an Amended Complaint, bringing the AGG Defendants and others into the lawsuit. (ECF Dkt. Nos. 106, 188). The Amended Complaint is a 1,271-page, 224-count pleading that seeks over one billion dollars in damages for each count. (*Id*.). Against the AGG Defendants, the Amended Complaint asserts causes of Action for (1) negligence, (2) breach of fiduciary duty and (3) aiding and abetting a breach of fiduciary duty. (Am. Cplt. at ¶¶

2392-2404, 2452-2455 and 2465-2467).  For each Cause of Action against the AGG Defendants, the Amended Complaint seeks at least $3.2 billion. (*Id*. at *ad damnum* ¶¶ 210, 210, 224).

On August 14, 2014, the AGG Defendants filed a Rule 12(b)(6) Motion to Dismiss, detailing the numerous factual and legal deficiencies warranting dismissal of the Amended Complaint with prejudice. (ECF Dkt. No. 192).  On August 18, 2014, the AGG Defendants' counsel sent Plaintiff a letter demanding that she withdraw her frivolous claims against the AGG Defendants. (*See*, Declaration of Patrick M. Kennell, at Exhibit A).  Rather than withdraw her claims, on September 30, 2014, Plaintiff filed an opposition to the Motion to Dismiss, thereby continuing her claims and forcing the AGG Defendants to incur further costs in this action, including the filing of the AGG Defendants' Reply brief, filed October 30, 2014. (ECF Dkt. Nos. 210 and 233).

AGG is a small, family-owned business run by Mr. Goloubenko. (*See*, Declaration of Sergei Goloubenko, at ¶¶ 1-2).  He submitted this matter to his professional liability insurer, but that insurance has a $25,000 deductible amount that applies to defense costs. (*Id*. at ¶ 4).  He accordingly has been forced to fund defense of this action out of his own pocket, which has placed a great financial strain on this man and his small company. (*Id*. at ¶ 6).  To date, the AGG Defendants have incurred $24,953.00 in defense costs in this action. (*Id*. at ¶ 5).

**LEGAL ARGUMENTS**

The AGG Defendants move, pursuant to this Court's "inherent powers," 28 U.S.C. § 1927 and Fed.R.Civ.P. 11, for an award of their costs and attorneys' fees spent defending this action.[1] To be clear, the AGG Defendants do not take the harsh issue of sanctions lightly. This is not a situation where a defendant merely disagrees that it could have any liability or is offended at the suggestion and therefore has its counsel rattle a Rule 11 sabre. This is a truly far-flung, meritless action brought by a total stranger to the AGG Defendants. And so this sanctions request is unfortunately necessary in this highly unusual case.

A. <u>Sanctions Under 28 U.S.C. § 1927 and the Court's Inherent Powers</u>

It is well-settled that "in narrowly defined circumstances federal courts have inherent power to assess attorney's fees against counsel." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 765, 100 S.Ct. 2455, 2463 (1980). *See also*, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45, 47, 111 S.Ct. 2123, 2133, 2134 (1991) (finding that sanctioning scheme of statutes and rules does not displace courts' inherent power to impose sanctions or attorneys' fees for bad-faith conduct in litigation). In addition, under 28 U.S.C. § 1927, courts may require an attorney to pay another party's attorneys' fees where counsel "multiplies the proceedings in any case unreasonably and vexatiously." Though *pro se*, as a New York-licensed attorney, Plaintiff is still subject in this lawsuit to the ethical boundaries to which all attorneys must adhere in litigation, and the Court's "inherent power" sanction and those remedies available under 28 U.S.C. § 1927 would apply to

---

[1] The AGG Defendants have, to date, expended $24,953.00 in defense of this action. (Goloubenko Decl., at ¶ 5). If the Court requires copies of defense invoices to verify the amount expended, the AGG Defendants are prepared to submit those for an *in camera* review or however else the Court might prefer they be submitted, if necessary.

4

Plaintiff personally. *Sassower v. Field*, 973 F.2d 75, 80 (2d Cir. 1992) (finding sanctions are available against a party who, though acting *pro se*, was a lawyer).

The touchstone of these sanctioning mechanisms is the attorneys' bad faith in making frivolous claims or vexatiously multiplying the proceedings. *ACLI Government Securities, Inc. v. Rhoades*, 907 F.Supp. 66, 68 (S.D.N.Y. 1995) (under both inherent power and 28 U.S.C. § 1927, there must be a clear showing and factual finding of bad faith), citing *Oliveri v. Thompson,* 803 F.2d 1265, 1272 (2d Cir.1986), *cert. denied,* 480 U.S. 918, 107 S.Ct. 1373, 94 L.Ed.2d 689 (1987). Here, the bad faith is apparent and such a finding would be more than justified.

Plaintiff asserts she is a superior legal researcher and litigator. (Am. Cplt. at ¶ 263). As such, she easily should have been led to the conclusion that there are no plausible claims against third-parties with which she had no contract, no interaction, or even knowledge of before her travails began. Either she did not do the research, or more likely (given her unmatched talents and skills), she did it but disregarded it in favor of filing these frivolous claims anyway. Either way, she abdicated her ethical duties to refrain from such conduct in litigation, and the only inescapable conclusion is that she did so in bad faith. There simply can be no other explanation for her conduct of dragging truly innocent parties into this litigation and costing each of them tens of thousands of dollars or more in defending this titanic Amended Complaint.

The AGG Defendants have been prejudiced greatly by Plaintiff's vexatious litigation tactics. Mr. Goloubenko runs a small family business and is paying for his defense on this Motion out of his own pocket. (Goloubenko Decl., at ¶¶ 1-2, 4-6). Those costs place a huge financial stress on this man's business. (*Id*, at ¶ 6). Yet there is no justification for it, because the AGG Defendants have no business being dragged into this employment fight. Naming the AGG

5

Defendants was an egregious abuse of the judicial system, apparently to maximize a lawsuit and exact revenge for what Plaintiff alleges was her "vindictive termination." It would be tremendously unjust to permit this type of "scorched Earth" tactic, especially where it has such real consequences as here.

**B.     Rule 11 Sanctions**[2]

Fed.R.Civ.P. 11(b) provides:

> (b) **Representations to the Court**. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1)   it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2)   the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]
>
> (3)   the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]
>
> \*\*\*

Plaintiff signed her Amended Complaint, which names the AGG Defendants. She also signed two additional documents in which she has recounted her frivolous allegations and claims: (1) Affidavit of Ronit D. Appel in Opposition to Motion to Dismiss of Avant-Garde

---

[2] This Motion is dated and was served on Plaintiff on October 30, 2014. Filing is being held in abeyance for 21 days (*i.e.*, until December 1, 2014), however, to afford Plaintiff the required "safe harbor" under Fed.R.Civ.P. 11(c)(2) and to give her one last opportunity to withdraw her frivolous claims.

Group, Inc. and Serge Goloubenko (which attached her Amended Complaint); and (2) Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss of Avant-Garde Group, Inc. and Serge Goloubenko.  Each of these documents violates Rule 11(b) in several ways.

First, it is evident Plaintiff's Amended Complaint against the AGG Defendants was offered for an improper purpose, including to "harass, cause unnecessary delay, or needlessly increase the cost of litigation." *See*, Fed.R.Civ.P. 11(b)(1).  The sheer vastness of the original complaint and the Amended Complaint quite clearly are designed to make it very expensive for Plaintiff's adversaries to defend.  It seems the main target of Plaintiff's ire was and is her former firm and former bosses, and her pleadings show a palpable hatred toward those parties.  It is reasonable to conclude Plaintiff has named a host of other parties totally unconnected to her employment, and whom she either knows or should know are not subject to claims by her, solely to make the case more expensive and complicated for her former firm to deal with.  Plaintiff simply cannot credibly believe she has viable claims against the various real estate and construction professionals, including the AGG Defendants – and if she does really believe she can sue them, then she hasn't done her legal homework and is presenting frivolous claims without a basis in law or fact (see discussion below) – so the only other logical conclusion one can draw here is that she has named these unconnected parties, either out of spite or out of unbridled anger, to complicate the case and make it more expensive to defend.  That motivation violates Rule 11.

Second, nothing about Plaintiff's claims against the AGG Defendants are "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." *See*, Fed.R.Civ.P. 11(b)(2).  As set out in the AGG Defendants'

Motion to Dismiss, the existing law and its application here show Plaintiff has no remotely viable claim and she has no nonfrivolous argument for changing those well-established principles of law.

And third, the factual contentions against the AGG Defendants do not "have evidentiary support", and are not "likely [to] have evidentiary support after a reasonable opportunity for further investigation or discovery," in light of the indisputable facts (*i.e.*, a fair reading of the Asbestos Report). *See*, Fed.R.Civ.P. 11(b)(3).  As set forth in the AGG Defendants' Motion to Dismiss, they correctly and accurately, per NYC DEP Rules, represented the area they were retained to investigate; and for the area they were not, the Asbestos Report expressly identified the excluded area, noted ACM was presumed to be present, and even warned that "[i]f any suspected materials found during renovation – work shall stop and materials shall be inspected." (Asbestos Report. at p.1, #7).  Perhaps most telling of the frivolity of Plaintiff's claims against the AGG Defendants is that she never met, spoke with, or had any interaction whatsoever with them – and neither did her former employer, for that matter.  It is not as if Plaintiff is suing for some asbestos exposure or personal injury.  Rather, she is suing the AGG Defendants, apparently, for somehow being in on her firing.  The fact that she would allege some far-fetched and widespread conspiracy to have her fired from her law firm job by parties neither she nor her former employer ever met or even knew about speaks volumes of the bad faith with which she pursued these completely innocent parties.

Nor are Plaintiff's fantastical damages claims (over $3.6 **billion** for each of three counts against the AGG Defendants) grounded in any form of factual or economic reality.  Plaintiff alleges, had it not been for AGG's conduct and the widespread conspiracy to oust her from her

8

associate job, she would have gone on to become a partner at a large law firm, apparently earning hundreds of millions of dollars. (Am. Cplt., at ¶ 263; *Ad Damnum*, at ¶¶ 210, 220 and 224). That assertion embodies frivolity. Plaintiff alleges her salary at Schoeman at the time of her firing was $125,000, which had increased only by $5,000 in the nearly four years she worked there. (*Id*. at ¶ 35). To suggest she somehow would have gone on to earn hundreds of millions of dollars – as *a lawyer* no less – over the course of her career if only the AGG Defendants had authored a correct asbestos report is not reasonable or even rational. And so the damages Plaintiff has asserted against the AGG Defendants are entirely without any good-faith basis, and those assertions also violate Rule 11.

Plaintiff should be held responsible for these numerous violations of Rule 11. While she is *pro se*, Plaintiff is no fragile litigant. She claims her "intelligence, skills, talents, and legal experience are outstanding, unique, and unmatched." (Am. Cplt. at ¶ 263). There is no reason to treat her with kid gloves, particularly where she has spitefully and irresponsibly dragged anyone who had anything to do with the offices at 551 Fifth Avenue into a nasty fight with her former law firm. Parties like the AGG Defendants do not deserve that kind of treatment, and it would be the just and right thing to do to make them whole for this ordeal.

**CONCLUSION**

Plaintiff had no business bringing the AGG Defendants into this case involving her dispute with her former employer. Her allegations do violence to Rule 11 and her other lawyerly obligations, and it should not be tolerated. Plaintiff's "sue everybody" tactic has inflicted very real financial consequences on Mr. Goloubenko and his family's business. That is unfair; it is completely unacceptable; it would be unjust to permit Plaintiff to get away with it. The AGG Defendants, therefore, respectfully urge this Court to hold Plaintiff responsible for her frivolous conduct, including awarding the AGG Defendants their attorneys' fees in defending the Amended Complaint, in an amount to be determined by the Court.

Dated: October 30, 2014
       New York, New York

Respectfully submitted,

NELSON BROWN & CO., LLC

/s Patrick M. Kennell
By:   Patrick M. Kennell
         Email:  pkennell@nelsonbrownco.com
      Jeffrey S. Matty
         Email:  jmatty@nelsonbrownco.com
      17 State Street – 29th Floor
      New York, New York  10004
      Phone:  (212) 233-0130
      Facsimile:  (212) 233-0712

*Attorneys for Defendants*
AVANT-GARDE GROUP, INC. and
SERGEI GOLOUBENKO

10