USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/31/2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
Ronit D. Appel,

                Plaintiff,

-against-

Schoeman Unpike Kaufman Stern & Ascher
L.L.P., et al.,

                Defendants.
------------------------------------------------------------X

**14 CIVIL** 2065 (AJN)

**JUDGMENT**

Pending before the Court are ten motions filed by ten different groups of Defendants: (1) Schoeman Updike Kaufman Stern & Ascher LLP ("Schoeman"), Mindy H. Stern, Beth L. Kaufman, Charles B. Updike, Andrea D. Ascher, Susan S. Casero, Cindy Nygaard, and Veronica Law (the "Schoeman Defendants"); (2) Nancy J. Mertzel; (3) Avant-garde Group, Inc. ("AGG") and Sergei Goloubenko (collectively, the "AGG Defendants"); (4) Reed Smith LLP and Paul E. Breene (the "Reed Smith Defendants"); (5) Interior Construction Corp. ("ICC") and Joseph Bruzzese (collectively, the "ICC Defendants"); (6) French Partners, LLC, the Feil Organization, Inc., Jeffrey Management Corp., and Jeffrey Feil (the "Feil Defendants"); (7) Creative Environment Solutions Corp., Michael J. Rattacasa, and IvaneChikhladze (the "Creative Defendants"); (8) H&B Construction Services, Inc. ("H&B"); (9) Madison 96 Associates, LLC ("Madison 96"), Stuart J. Boesky, and Jamison Weiner (collectively, the "Madision 96 Defendants"); and 10 Laura Zeligson and Zeligson Firm (the "Zeligson Defendants"); and eleventh group of Defendants – John Francis Borrelli Architect, P.C. and John Francis Borrelli (the "Borrelli Defendants") – having moved for summary judgment; the AGG Defendants also having moved separately for sanctions under Fed R. Civ. P. 11, 18 U.S.C. § 1927, and this Court's inherent powers, and the matter having come before the Honorable Alison J. Nathan, United States District Judge, and the Court, on March 266, 2015, having rendered its Memorandum and Order the Court having considered all of the arguments raised

by the parties; to the extent not specifically addressed, they are either moot or without merit; therefore, granting Defendants' motions in their entirety; in addition, ordering that Plaintiff is to pay the AGG Defendants $5,000 pursuant to Rule 11, ande directing the Clerk of Court to close this case, it is,

**ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Memorandum and Order dated March 26, 2015, the Defendants' motions are granted in their entirety; in addition, Plaintiff is Ordered to pay the AGG Defendants $5,000 pursuant to Rule 11; the Court also finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from the Court's Memorandum and Order dated March 26, 2015 would not be taken in good faith; accordingly, the case is closed.

**Dated:** New York, New York
March 31, 2015

RUBY J. KRAJICK
Clerk of Court
BY:
Deputy Clerk

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _____